IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| MICHAEL SHAW, | ) | CIVIL NO. 06-00199 DAE-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| FRANK LOPEZ, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AND DENY MOTION REQUESTING WAIVER OF COURT FEES**

On April 13, 2006, Petitioner Michael K. Shaw, a Hawai`i state prisoner proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition") and a document titled "Motion Requesting Waver of Court Fees", which the Court construes as an application to proceed *in forma pauperis* ("Application").  For the following reasons, this Court FINDS AND RECOMMENDS that the district court DISMISS the Petition and DENY the Application.

On April 26, 2002, Shaw was convicted of two counts of sexual assault in the third degree, in violation of Hawai`i Revised Statutes § 707-732(1)(b) (1993).  The Circuit Court of the First Circuit affirmed his conviction on December 2, 2002 and the Hawai`i Supreme Court affirmed the Circuit Court's ruling on October 24, 2003.  Shaw did not seek certiorari with the United States Supreme Court.

Shaw raises four grounds for relief in this Petition.

He admits that he has also raised the same claims in a Hawai`i Rules of Penal Procedure Rule 40 petition for post-conviction relief before the state court. Shaw filed the Rule 40 petition on December 20, 2005, and amended it on March 9, 2006. The state court has not issued a decision.

Pursuant to § 2254(b)(1)(A), a petitioner must exhaust all adequate and available state judicial remedies by presenting his claims to the highest state court before bringing a habeas petition to the federal court. The state court must have a fair opportunity to rule on the merits of each and every issue sought to be raised in the federal court. See O'Sullivan v. Boerckel, 526 U.S. 838, 839-40 (1999); Granberry v. Greer, 481 U.S. 129, 133-34 (1987). If the petitioner has not exhausted available state remedies as to each claim in the petition, the district court must dismiss the petition. See Rose v. Lundy, 455 U.S. 509, 510 (1982); Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir. 1988).

Shaw's claims are currently pending at the state court in his Rule 40 petition. Thus, the Petition before this Court is not completely exhausted. If a post-conviction challenge to a criminal conviction or sentence is pending in state court, a potential federal habeas petitioner must await the outcome of the challenge before the federal court considers his state remedies exhausted. See 28 U.S.C. § 2254(b), (c); Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983) (requiring petitioner to await

outcome of pending direct appeal before state remedies are exhausted, because that appeal may result in reversal of conviction on some other ground, thereby mooting federal question); see also Brown v. Maass, 11 F.3d 914, 915 (9th Cir. 1993) *(per curiam)* (assessing exhaustion at time of filing petition); Schnepp v. Oregon, 333 F.2d 288, 288 (9th Cir. 1964) (*per curiuam*) (state remedies not exhausted if a state post-conviction proceeding is pending). Sherwood's rule applies whether or not the issue raised in the pending state petition is included in the federal petition because a pending state court challenge may result in the reversal of the petitioner's conviction, thereby mooting the federal petition.  See Sherwood, 716 F.2d at 634.

The adjudication of Shaw's pending Rule 40 petition could conceivably result in the reversal of his conviction and sentence.  If so, the present Petition would be moot.  This Court therefore FINDS AND RECOMMENDS that the district court DISMISS the Petition without prejudice as unexhausted.[1]

---

[1] The Court also finds that Shaw's Petition is likely barred by the statute of limitation set forth in 28 U.S.C. § 2244(d), which states:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>     (B) the date on which the impediment to

Having found that the Petition should be dismissed, and finding that Shaw's Application does not indicate that he is a pauper within the meaning of 28 U.S.C. § 1915, this Court FINDS AND RECOMMENDS that the district court DENY the Application.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAI`I, April 21, 2006.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**MICHAEL SHAW V. FRANK LOPEZ, ET AL; CIVIL NO. 06-00199 DAE-LEK; FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AND DENY MOTION REQUESTING WAIVER OF COURT FEES**

---

    filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).  Having found that the Petition should be denied as unexhausted, however, and without the benefit of briefing on the question of equitable or statutory tolling of the statute, this Court does not rest its decision on this basis.